WILLOUGHBY JORDAN, plaintiff in error, vs. JAMES C. RIVERS, defendant in error.

A contract by one to let another have accounts to a certain amount off of books that are specified, gives that other a right only to select such accounts as he may please, and not to have good accounts at all events. He may have good ones if he can find them on the books; and there is no breach of the contract, unless this right of selection is refused to the promisee.

Motion for new trial. Decision by Judge KIDDOO, in Randolph Superior Court, May Term, 1859.

James C. Rivers brought suit in the Superior Court of Randolph county, against Willoughby Jordan, upon the following paper:

"CUTHBERT, August 28th, 1851.

This is to show, that I am to let James C. Rivers have the amount of one hundred and twenty-five dollars, in accounts which are on the books of Rivers & Jones, the same being in payment for the entire interest of said Rivers, in said firm.

(Signed,)        WILLOUGHBY JORDAN."

Upon the trial, plaintiff gave in evidence the foregoing writing, and proved by one West H. Kirksey, that plaintiff and defendant met in his shop in the spring of 1852, to make a settlement. Defendant offered plaintiff some accounts. Plaintiff refused to take them unless defendant would endorse them, and said defendant was to give him good accounts. Defendant did not deny it, but said if they were not good, he would make them good. Witness does not know whether this conversation related to the subject matter of this suit or not.

Defendant then introduced evidence showing that Rivers sold out his interest in the grocery of Rivers & Jones to Willoughby Jordan, for the sum of one hundred and twenty-

five dollars, to be paid in accounts from the books of Rivers & Jones. That Rivers was to take his own account, the account of M. D. Hendricks, and certain others, which amounted to the sum agreed on ; that he had more than once tendered Rivers these accounts, and that Rivers postponed drawing them off the books, or made some other excuse, for not taking them, at the times when the tenders were made.

Defendant further proved that Mastin D. Hendricks was, at the time of the trial on appeal, dead ; that in a former trial of this cause, said Hendricks testified, that he paid his account with the firm of Rivers & Jones, amounting to forty or fifty dollars, to James C. Rivers.

Plaintiff then introduced one witness who testified : That at some time in the year 1852, the witness made a conditional trade with Rivers for the receipt sued on ; that witness and Rivers called on defendant for a settlement ; that defendant handed them a bundle of accounts, and offered to let them take any account they wanted out of the bundle ; that there was no account in it on Rivers ; that defendant did not contend that any particular accounts had been agreed on between himself and Rivers ; and that the trade between witness and Rivers was not confirmed, because there were no accounts that witness would take. The partner, *Jones,* testified, that at the time of the trade between Rivers and Jordan, there were on the books more than two hundred and fifty dollars of good accounts.

The jury found a verdict in favor of the plaintiff for the sum of one hundred and twenty-five dollars.

After the verdict, the defendant moved for a new trial, on various grounds, all of which were abandoned in this Court, except that the verdict was " contrary to the evidence," and " against the weight of evidence."

After argument on said motion, the Court below refused to grant a new trial, and plaintiff in error excepted, and now assigns such refusal for error

Hood, for plaintiff in error.

Douglass & Douglass, *contra*.

*By the Court.*—Stephens J. delivering the opinion.

The single question here is, was the verdict supported by the evidence? We think it was not.

The undertaking of Jordan was to let Rivers have accounts off of *the books of Jones & Rivers.* We think this implies that Rivers was to have the privilege of selection, to take good ones, if he could find them, but not certainly to have good ones, for at all events they were to come off of those books. There was no breach of the contract, unless Jordan refused to let Rivers have this privilege of selection. The evidence shows no such case, but on the contrary, the evidence is abundant and uncontradicted, that the books were frequently offered to Rivers for him to make his selection of accounts. Besides, there was uncontradicted evidence that Rivers had actually collected one of the accounts of forty or fifty dollars, and yet the verdict was for the whole amount.

As a new trial was refused, the judgment must be reversed.

Judgment reversed.